**Susan CARTER, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 89–80V.

United States Claims Court.

Oct. 17, 1990.

---

**652**

Curtis R. Webb, Twin Falls, Idaho, for petitioner.

Michael P. Milmoe, Washington, D.C., for respondent.

## OPINION

MARGOLIS, Judge.

This vaccine case comes before the court on a motion to review filed by the petition-er, Susan Carter, on July 26, 1990, pursuant to Appendix J, RUSCC. Susan Carter brought an action to recover compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* at 42 U.S.C.A. §§ 300aa–1 to –34 (West Supp.1990) (the Act), for a condition—juvenile rheumatoid arthritis (JRA)—that she alleges resulted from a rubella vaccination that she received as a child. Special Master Paul Baird held an evidentiary hearing in Salt Lake City, Utah on April 10 and 11, 1990. The parties submitted post-hearing briefs to the Special Master on the applicability of *Hasler v. United States,* 718 F.2d 202 (6th Cir.1983), *cert. denied,* 469 U.S. 817, 105 S.Ct. 84, 83 L.Ed.2d 31 (1984), to the facts of this case. On June 27, 1990, the Special Master rendered a decision denying compensation to Susan Carter on the ground that she failed to prove by a preponderance of the evidence in the record that the vaccine inoculation was the cause of Carter's JRA. *Carter v. Secretary of the Department of Health and Human Services,* No. 89–80V, slip op. at 11 (Cl.Ct. June 27, 1990) (decision of Special Master).

In her motion for review, Carter contends that the Special Master's decision denying compensation was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. Carter objects to the Special Master's decision on three grounds:

1. The Special Master's conclusion that a temporal association cannot support a finding of cause and effect unless all other possible causes have been eliminated is not in accordance with law.

2. The Special Master's failure to consider evidence that the appropriate temporal association between rubella vaccination and the onset of arthritis establishes a causal relationship was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

3. The Special Master's conclusion that petitioner had not adequately excluded other possible causes of her rheumatoid arthritis was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Both petitioner and respondent, the Secretary of the Department of Health and Human Services, agree that the common issue raised by these objections is the proof required under the National Vaccine Injury Compensation Program to show that a vaccination caused the alleged injury.

After a careful review of the Special Master's decision and the entire record, and after hearing oral argument, this court upholds the findings of fact and conclusions of law of the Special Master and sustains the Special Master's decision.

## DISCUSSION

### 1. *Standard of Review*

The National Childhood Vaccine Injury Act of 1986 was amended in 1989 to provide that a Special Master's decision should not be disturbed upon review unless it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C.A. § 300aa–12(e)(2)(B). Under the arbitrary and capricious standard, the reviewing court should not substitute its judgment for that of the decision maker. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971). Consistent with these principles, the Court of Appeals for the Federal Circuit has stated that the touchstone for this standard is rationality: if the relevant factors have been considered and no clear error of judgment has been made, the decision should be affirmed. *Hyundai Electronics Industries v. United States International Trade Commission*, 899 F.2d 1204, 1209 (Fed.Cir.1990). This court reviews the Special Master's decision accordingly.

### 2. *Statutory Scheme*

The Act provides that the petitioner may be awarded compensation "if the special master or court finds on the record as a whole—

(A) that the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition by section 300aa–11(c)(1) of this title, and

(B) that there is not a preponderance of the evidence that the illness, disability, injury, condition, or death ... is due to factors unrelated to the administration of the vaccine ..."

42 U.S.C.A. § 300aa–13(a)(1). The petitioner bears the burden of proving the factors stated in § 300aa–11(c)(1) by a preponderance of the evidence. *Id.* Section 2111(c)(1) requires, in pertinent part, that the petitioner show either that she "sustained ... [an] injury or condition set forth in the Vaccine Injury Table" or that she "sustained ... [an] injury, or condition not set forth in the Vaccine Injury Table but which was caused by a vaccine ..." *Id.* § 300aa–11(c)(1)(C)(i) and (ii)(I). Both petitioner and respondent agree that this is a "non-Table" case. Although the vaccine is listed, JRA is not set forth on the Vaccine Injury Table. *See id.* § 300aa–14(a). Therefore, the petitioner was required to prove to the Special Master by a preponderance of the evidence that the rubella vaccine inoculation was the cause in-fact of her JRA. *Id.* § 300aa–13(a).

### 3. *The Special Master's Decision*

In determining whether Carter's JRA was caused by the rubella vaccination, the Special Master applied the proper legal standard. "Causation in fact requires proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury. A reputable medical or scientific explanation must support this logical sequence of cause and effect." *Strother v. Secretary of the Department of Health and Human Services*, 18 Cl.Ct. 816, 820 (1989) (citing *Hasler v. United States*, 718 F.2d at 205–06; 42 U.S.C.A. § 300aa–13(a)(1)). The decision of the Special Master reflects careful consideration and thoughtful analysis of the medical evidence and testimony presented at the evidentiary hearing and on the record. *Carter v. Secretary of the Department of Health and Human Services*, No. 89–80V, slip op. at 3–7 (Cl.Ct. June 27, 1990) (decision of Special Master). The Special Master concluded that "it appears that it is not generally accepted in the medical community that rubella virus—whether in its wild

state or in its attenuated form in vaccine—causes rheumatoid arthritis." *Id.* at 6.

■ Petitioner does not directly challenge the finding that it is medically uncertain whether rubella causes JRA, but rather asserts that the Special Master failed to adequately consider the temporal association between the inoculation and the onset of JRA.* However, temporal association alone is not sufficient to establish causation in-fact. *Strother v. Secretary of the Department of Health and Human Services,* 21 Cl.Ct. 365, 369 (1990) (citing *Hasler,* 718 F.2d at 205); *Strother,* 18 Cl.Ct. at 820; *Shaw v. Secretary of the Department of Health and Human Services,* 18 Cl.Ct. 646, 650–51 (1989). In Table cases, temporal association demonstrates causation, but that is because listing in the Vaccine Injury Table signifies that a listed injury occurring within a listed period of time after the administration of a listed vaccine will be deemed to have been caused by that listed vaccine. *Strother,* 21 Cl.Ct. at 370 (citing H.R.Rep. No. 908, 99th Cong., 2d Sess., pt. 1, at 15 (1986), U.S. Code Cong. & Admin.News 1986, p. 6287); *Strother,* 18 Cl.Ct. at 820; *Shaw,* 18 Cl.Ct. at 650. Such is not the case with a non-Table injury. Rather, proof of causation in-fact for a non-Table injury requires the petitioner to show a medical theory causally connecting the vaccination and the non-Table injury. *Strother,* 21 Cl.Ct. at 369–70 (citing *Hasler,* 718 F.2d at 205–06); *Strother,* 18 Cl.Ct. at 820; *Shaw,* 18 Cl.Ct. at 651.

■ The record reveals, and Carter reiterates, that rubella vaccinations have been associated with some types of transient arthritis and the onset of arthritis in adults. Evidence was also presented that *some* members of the medical community believe that there is a *possibility* that *some* cases of JRA *might* be caused by rubella. Yet, the record overall reflects uncertainty and doubt about the link between rubella and JRA. The Special Master noted the pioneering work of Dr. Denys K. Ford, an expert witness for Carter, but was persuaded by the concerns raised by Dr. Plotkin, an expert witness for respondent, about Dr. Ford's research. *Carter,* slip op. at 5–6. Even Dr. Ford acknowledged in his testimony that there is disagreement within the medical community about the causes of JRA. *Id.* at 9–10. The Special Master is afforded wide latitude in weighing the evidence in the record. *Munn v. Secretary of the Department of Health and Human Services,* 21 Cl.Ct. 345, 349–50 (1990) (citing 42 U.S.C.A. § 300aa–13(b)(1)). The Special Master observed and heard the testimony at the evidentiary hearing and asked many questions of the witnesses. The decision reflects a careful weighing of the evidence presented. This court concludes that it was rational for the Special Master to conclude that the petitioner had not advanced a reputable medical or scientific theory causally connecting the vaccination and the injury.

As the Special Master stated, proof of causation would have been strengthened if the rubella virus had been isolated in Carter's synovial fluid, but based on the record, the Special Master's decision that the link between rubella and JRA is uncertain is consistent with the uncertainty

---

* Carter also contends that the Special Master erred by concluding that temporal association cannot support a finding of causation unless all other possible causes have been eliminated and further erred in concluding that Carter had not adequately excluded other possible causes of her JRA. The Act requires that the Special Master, in addition to finding causation in-fact, determine that there is not a preponderance of the evidence of an alternative cause of the injury. *Strother v. Secretary of the Department of Health and Human Services,* 21 Cl.Ct. 365, 373–74 (1990); *Strother v. Secretary of the Depart. of Health and Human Services,* 18 Cl.Ct. 816, 822 (1989); *Shaw v. Secretary of the Department of Health and Human Services,* 18 Cl.Ct. 646, 651 (1989); 42 U.S.C.A. § 300aa–13(a)(1)(B). This court agrees with respondent, however, that the Special Master did not base his decision on the failure of Carter to exclude alternative causes. Rather, the Special Master's decision rests upon Carter's failure to set forth a reputable medical explanation to support a causal connection between rubella and JRA. The Special Master's discussion of exclusion of alternative causes is *dicta,* part of a larger consideration of what could have constituted a successful case had Carter been able to establish a medical theory causally connecting the vaccination and the injury. *Carter,* slip op. at 9. Therefore, this court does not address the petitioner's alternative causes arguments.

reflected in the medical testimony. It was not arbitrary, capricious or an abuse of discretion for the Special Master to conclude that it is not generally accepted in the medical community that rubella causes JRA. Applicable case law requires the petitioner to show a reputable medical or scientific theory causally connecting the vaccination and a non-Table injury. Carter was not able to show such a theory. This court agrees with the Special Master that the explanation provided for the causation of Carter's JRA is "an explanation consistent with known facts or conditions, but not deductible from them as a reasonable inference." *Bunting v. Secretary of the Department of Health and Human Services,* 19 Cl.Ct. 738, 754 (1990) (quoting *Hasler,* 718 F.2d at 205), *appeal docketed,* No. 90–5107 (Fed.Cir. June 1, 1990), and that therefore Carter did not meet the preponderance of the evidence requirement. *Id.* The Special Master's decision that the petitioner did not meet this burden of proof is in accordance with the law.

## CONCLUSION

The Special Master considered the relevant factors and no clear error of judgment was made in denying compensation to the petitioner. His decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, this court upholds the findings of fact and conclusions of law of the Special Master and sustains the Special Master's decision. The Clerk is directed to dismiss the petition and to enter judgment accordingly.